

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG - 5 2008

J. T. NOBLIN, CLERK
BY_____DEPUTY

**THOMAS MOORE, INDIVIDUALLY
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFCIARIES AND HEIRS AT
LAW OF CHARLES MOORE, DECEASED**

**THELMA COLLINS, INDIVIDUALLY
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES AND HEIRS
AT LAW OF HENRY DEE, DECEASED**

            **PLAINTIFFS**

**V.**                            **CAUSE NO.:** *5:08cv258 DCB-JMR*

**FRANKLIN COUNTY, MISSISSIPPI**          **DEFENDANT**

## COMPLAINT
### (PLAINTIFFS DEMAND TRIAL BY JURY)

COMES NOW, Plaintiffs Thomas Moore and Thelma Collins, individually and on behalf of all the wrongful death beneficiaries and heirs at law of Charles Eddie Moore, deceased, and Henry Hezekiah Dee, deceased, (collectively referenced as "Plaintiffs") and files this Complaint against Defendant, Franklin County, Mississippi (hereinafter, "Franklin County"). In support thereof, Plaintiffs would show unto this Honorable Court the following:

## Introduction

1.     In this civil rights action, plaintiffs claim in 1964 defendant Franklin County had an unlawful, racially motivated policy and practice of protecting the Ku Klux Klan (hereinafter the "Klan"). This policy had the purpose and effect of depriving African Americans and others of their constitutional right to be protected from murder

and other crimes of racial violence. The policy deprived African Americans of their right to Equal Protection as secured by the Fourteenth Amendment; to equal benefit of the laws as secured by the Thirteenth Amendment; and to access to the courts as secured by the First Amendment.

2. Charles Moore, deceased, and Henry Dee, deceased, were both 19 years old on May 2, 1964 when they were kidnapped, beaten and murdered by several members of the Klan, acting in conspiracy with one another. Law enforcement officers of Franklin County aided and abetted the Klan in the commission of the crimes. Moore and Dee were targeted for these crimes because they were African-American and because Dee was wrongfully suspected of being involved the nonexistent Black militant movement in Franklin County.

3. Six months after the kidnappings and/or murder of Moore and Dee, on or about November 6, 1964, two members of the Klan, James Ford Seale and Charles Marcus Edwards were arrested and charged with the crimes.

4. On January 11, 1965, Lenox Forman, the Franklin County District Attorney, dismissed the charges against James Seale and Charles Edwards.

5. On January 24, 2007, 43 years after these crimes occurred, a federal grand jury returned an indictment against one of the Klansmen, James Seale, charging him with two counts of kidnapping and one count of conspiracy in the deaths of Moore and Dee.

6. The other Klansman, Charles Edwards, testified before the grand jury that returned the indictment against Seale in 2007. According to his grand jury testimony the two law enforcement officers of Franklin County, Sheriff Wayne Hutto and his Deputy

Sheriff Kirby Shell, conspired with the perpetrators of the kidnappings and/or murders on the day of the crime, and the subsequent cover-up.

7. Sheriff Wayne Hutto was named as an unindicted co-conspirator in the federal indictment returned on January 24, 2007 charging James Seale with conspiracy to murder and kidnap Moore and Dee.

8. In the immediate aftermath of the killings, Sheriff Hutto misled the Plaintiffs when they inquired of the Sheriff about their loved ones. Further, Sheriff Hutto deceived the Plaintiffs into thinking he knew nothing of the whereabouts of Moore and Dee when in fact he did.

9. Throughout 1964, Hutto and Shell misled investigative agents of the Federal Bureau of Investigation about the murders, concealing their participation in the events of May 2, 1964, the day the two young men were killed.

10. Hutto and Shell covered up their role in these crimes, deceiving law enforcement officials as well as the Plaintiffs. Plaintiffs did not become aware of the participation of Hutto and Shell as co-conspirators until the federal indictment was issued on January 24, 2007. Nor could Plaintiffs have discovered Hutto and Shell's culpability before the indictment. The U.S. Justice Department immunized Charles Edwards, one of the coconspirators and, on November 3, 2006, obtained from Edwards a full statement of the crimes revealing for the first time ever the involvement of Franklin County on the day the men were slain.

11. This is a case about unconscionable crimes and unconscionable deception.

12. It is also a case about the systemic denial by Franklin County of law enforcement protection to African-Americans and to whites suspected of opposing the Klan's campaign of racist terror.

13. It is a case about the collusive and unlawful relationship between the White Knights of the Ku Klux Klan and Franklin County.

14. As a result of defendant's unconstitutional and tortious conduct, Moore and Dee were deprived of rights secured by 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985; of rights guaranteed by the First, Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution; and of rights secured by the statutory and common law of Mississippi. Moore's brother and Dee's sister, both plaintiffs here, were deprived of the love and companionship of their family members, and they seek relief for the violation of their rights guaranteed by the First and Fourteenth Amendments to the United States Constitution and under Mississippi statutory and common law.

15. Plaintiffs seek civil damages, compensatory damages, economic damages, non-economic damages, exemplary damages, hedonic damages, costs, attorneys fees, and other appropriate relief for the flagrant violation of the rights of their decedents and of their own rights.

## Jurisdiction and Venue

16. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and on the pendent jurisdiction of this court pursuant to 28 U.S.C. § 1367 to entertain claims arising under state law.

17. Venue is proper in the United States District Court for the Southern District of Mississippi under 28 U.S.C. § 1391(a)(2), because a substantial number of the

acts, occurrences, omissions and injuries giving rise to the Plaintiffs' claims occurred in Adams County, Mississippi.

## Parties and Relevant Individuals

18. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-17 as set forth herein in their entirety.

19. Charles Moore, deceased, was at all material times a resident of Franklin County and a citizen of the United States. At the time of his murder on May 2, 1964 he was 19 years old. He was African-American and a student at Alcorn College. Moore was not married and had no children when he was killed.

20. Henry Dee, deceased, was at all material times a resident of Franklin County and a citizen of the United States. At the time of his murder on May 2, 1964 he was 19 years old. He was African-American and an employee of a paper mill in Franklin County. Dee was not married and had no children when he was killed.

21. Plaintiff, Thomas Moore, is the brother of Charles Moore and Administrator of his estate. He is a resident of Colorado Springs, Colorado. He is lawfully authorized to bring this action under Miss. Code Ann. § 11-7-13.

22. Plaintiff, Thelma Collins, is the sister of Henry Dee and Administratrix of the estate. She is a resident of Springfield, Louisiana. She is lawfully authorized to bring this action under Miss. Code Ann. § 11-7-13.

23. Defendant, Franklin County, is a unit of government authorized under the laws of the State of Mississippi. At the time of the events giving rise to this action, Wayne Hutto was the Sheriff of Franklin County and Kirby Shell was the Deputy Sheriff.

Defendant, Franklin County, at all relevant times to this Complaint acted with racial animus against the Plaintiffs' decedents.

24. Wayne Hutto was a policymaker for Franklin County. Hutto is deceased.

25. Kirby Shell served as the only deputy sheriff of Franklin County from 1964 through 1965. Shell worked under the direction and control of Sheriff Hutto and followed the policies of Franklin County. Shell is deceased.

26. At all times relevant to this Complaint Wayne Hutto and Kirby Shell acted under color of law and with racial animus against the plaintiffs' decedents.

## Facts: Part I

### The Conspiracy to Kidnap and Murder
### Charles Moore and Henry Dee

27. Upon information and belief, in 1964 and 1965, the Klan engaged in a campaign of unlawful racial violence and terror in Franklin County. The purpose of the campaign was to deter African-Americans from civic participation, to deny them equal rights and access to public services and to the courts, and to repress resistance to racial domination.

28. Franklin County aided the Klan's campaign by conspiring with the Klan to commit the criminal acts; by refusing to investigate and to prosecute crimes committed by the Klan; and by covering up the commission of such crimes.

29. The Klan's campaign of terror in Franklin County reached its zenith in May 1964 with the kidnappings and murders of Moore and Dee.

30. Sometime in the spring of 1964, the Bunkley klavern of the Klan met to discuss Black militants whom the Klan claimed were bringing firearms into Franklin County. Charles Edwards, a Klansman who was present at the meeting, stated the Klan

6

should target Henry Dee because, according to Edwards, he fit the profile of a Black militant.

31. Dee and Edwards lived in the same neighborhood in Franklin County and Edwards knew who Dee was. Edwards selected Dee because he wore a bandanna on his head and he had recently returned to Mississippi from visiting relatives in Chicago.

32. On Saturday, May 2, 1964, Moore and Dee were kidnapped by James Seale while hitchhiking on Mississippi State Highway 84 near Meadville, the county seat.

33. At all relevant times, James Seale was a self-confessed member of the Bunkley klavern of the Klan in Franklin County.

34. James Seale took Moore and Dee to the Homochitto National Forest in Franklin County. Seale was followed by other members of the Bunkley klavern traveling in another vehicle: Charles Edwards, Clyde Seale, his father, Archie Prather, and Curtis Dunn.

35. Upon arrival at the Homochitto National Forest, James Seale pointed a sawed-off shotgun towards Moore and Dee. Edwards, Clyde Seale, and Curtis Dunn then whipped Charles Moore and Henry Dee with bean poles and tree limbs for about 30 minutes. The Klansmen demanded to be told where "the guns" were in the Black community of Franklin County.

36. Charles Moore and Henry Dee were whipped until one falsely claimed they knew where guns were being hidden by African-Americans in Franklin County. They identified the Roxie First Baptist Church as the location and mentioned the name of Reverend Clyde Briggs. The Roxie church is in Franklin County.

37.     After Moore and Dee mentioned Roxie First Baptist Church, the Klansmen stopped beating them.

38.     Charles Edwards, Clyde Seale and Archie Prather left the Homochitto Forest and proceeded directly to the Franklin County Sheriff's Department in Meadville, MS, with the intent to seek assistance from Sheriff Hutto in searching the Roxie church. In the meantime, James Seale and Curtis Dunn transported Dee and Moore in Seale's vehicle to another location.

39.     Clyde Seale and Prather went into the Sheriff's Department and consulted with Sheriff Hutto. The Sheriff did not attempt to obtain a search warrant to search the Roxie church but rather proceeded to conduct the search without one. Clyde Seale and Prather left the Sheriff's Department with Sheriff Hutto and Deputy Sheriff Kirby Shell. Klansmen Edwards, Seale, and Prather, together with the law enforcement officials, drove to the Roxie church. Upon information and belief, Sheriff Hutto and Deputy Shell were fully aware that the Klansmen obtained the information about the alleged weapons hidden in the Roxie church by kidnapping Moore and Dee and holding them unlawfully in the forest.

40.     The church was locked when the group of Klansmen and law enforcement officials arrived. Deputy Sheriff Shell and Highway Patrolman Mason Seale were sent to locate Rev. Briggs in Crosby, MS, and bring him back to the Roxie church so it could be searched. Rev. Briggs opened the church. Acting without a warrant, the law enforcement officials and the Klansmen searched the church together, pulling up the floorboards during the course of the search. Finding no weapons, they all left. Deputy

Shell told Rev. Briggs to secure the church because it might be a target to be burned later that night.

41. While the church was being searched, Moore and Dee were being held by James Seale and Curtis Dunn at Clyde Seale's farm. Two Klansmen from Natchez, MS, Jack Seale, James Seale's brother, and Ernest Parker, joined James Seale and Curtis Dunn. James Seale, Jack Seale, and Ernest Parker put the two victims in the trunk of Parker's car after James Seale taped their mouths shut with duct tape, and bound them with hay bale twine rope. The members of the Klan, including James Seale, Jack Seale, and Ernest Parker headed towards Parkers Landing on the Old Mississippi River.

42. After a drive of more than two hours, the Klansmen arrived at Parkers Landing on the Louisiana side of the Mississippi River, across from Davis Island. They removed Moore and Dee from the trunk of the car. Both men were still alive. They tied Henry Dee to a jeep engine block, took him by boat into the river, and, while Moore watched from shore, tossed him overboard to drown. Then, they tied Charles Moore to a railroad tie and iron weights. They took him by boat into the waters of the Old Mississippi and threw him overboard to meet his death. Both men were still alive when they were thrown overboard.

43. On July 12, 1964, the disarticulated lower torso of Charles Moore was discovered in the river south of Tallulah, LA.

44. On July 13, 1964 the disarticulated lower torso of Henry Dee was found in the river in the same general area as Moore's body.

45. On July 1964, the Plaintiffs were notified of the deaths of their loved ones and advised to collect their partial remains in Jackson, MS.

46. On October 1964, the upper body of Moore and that of Dee were found in the river along with the engine block that had been tied to Henry Dee before he was thrown overboard on May 2, 1964.

### The Conspiracy to Cover-up the Kidnappings and/or Murders of Moore and Dee: Sheriff Wayne Hutto

47. Upon information and belief, Sheriff Hutto was a member or close affiliate of the Klan in Franklin County. The White Knights of the Ku Klux Klan, an off-shoot of another Klan group active in Mississippi, was launched in February 1964 and had a regional membership of more than 1,000 as of October 1965.

48. On or about May 4, 1964, two days after the murder, Mazie Moore, Charles Moore's mother, went to the Franklin County Sheriff's Department to meet with Sheriff Hutto. She reported to Sheriff Hutto that her son and Henry Dee had been missing for two days.

49. On or about May 9, 1964, Sheriff Hutto falsely told Mazie Moore that her son and Henry Dee were in Albany, Louisiana, a statement he knew to be false. Hutto did not tell Mrs. Moore anything about the search of the Roxie church that was led by the Franklin County Sheriff's Department, in collusion with the Klan, or about the kidnappings and/or murders of Moore and Dee on May 2, 1964.

50. On or about May 16, 1964, Evie Bell, Charles Moore's cousin, went to the Sheriff's Department to meet with Sheriff Hutto to inquire further about the disappearance of Charles Moore and Henry Dee. Evie Bell was accompanied by Dee's aunt, Virginia Hunt. Hutto told the women that he had no information about the whereabouts of Moore or Dee and that he would try to locate them.

10

51. Hutto never conducted any investigation into the disappearance of Moore and Dee. Hutto never informed any other law enforcement agency that the two were missing.

52. On July 13, 1964, the day after the lower torso found in the Old River was identified as Charles Moore's body, Sheriff Hutto was interviewed by agents of the FBI. He told the agents that Dee's sister Thelma Collins told Hutto that Charles Moore and Henry Dee were in Louisiana on May 9, 1964. Sheriff Hutto never received any such information from Thelma Collins. He deliberately misinformed the FBI with the intent to derail their investigation into the Klan murders of Moore and Dee and to cover-up his own role in the crimes. He did not tell the FBI about the role of the Franklin County Sheriff's Department on May 2, 1964.

53. On October 30, 1964, Hutto reported to the FBI that one Linfield L. Oglesby -- a man who had fallen out of favor with the Klan – had picked up Moore and Dee when they were last seen in Meadville. Hutto claimed not to know who told him about Oglesby's alleged involvement.

54. On or about October 31, 1964, Sheriff Hutto and State Highway Patrol Officer Burnice Beasley visited two sisters of Henry Dee, and sought to obtain from them information about their contacts with the FBI concerning the murders.

55. On November 6, 1964, Charles Edwards and James Seale were arrested on process issued by the Franklin County Circuit Court and charged with the murders of Moore and Dee. The director of the FBI, J. Edgar Hoover, issued a press release stating that the arrests "climaxed an extensive and lengthy investigation by FBI Agents and local authorities."

11

56. On or about November 4, 1964, two days before the arrest of Edwards and Seale, Sheriff Hutto and Deputy Sheriff Shell were interviewed by the FBI. Neither Hutto nor Shell disclosed their participation in the search of the Briggs church or any other pertinent information they knew about the crime to the FBI.

57. On or about November 9, 1964, Sheriff Hutto was again interviewed by the FBI on the case. Again he failed to disclose his knowledge about the case and his participation in the Briggs church search. Hutto intentionally gave the FBI false information about the perpetrators of the crime in order to steer them on a fruitless path.

58. On or about November 12, 1964, Sheriff Hutto was again interviewed by agents of the FBI regarding the case, and once again he failed to disclose his knowledge about and role in the crimes.

59. On January 5, 1965, Franklin County District Attorney Lenox Forman convened a meeting with county, state, and federal law enforcement officers to discuss how to proceed on the Moore/Dee case and to consider the evidence against the defendants Edwards and Seale. At the meeting Foreman announced he intended to drop the case because of lack of evidence and because Seale and Edwards claimed they had been assaulted by a state highway patrol officer at the time of their arrests. Sheriff Hutto was at the meeting. Hutto did not disclose his knowledge about the slayings and his role in the crimes.

60. On or about January 11, 1965, Franklin County District Attorney Forman asked the Franklin County Justice Court to drop the charges against Seale and Edwards without prejudice. The case against them was never presented to a state grand jury.

61. Franklin County law enforcement officials conducted no investigation into the murders of Moore and Dee after the case was dismissed without prejudice for want of evidence.

62. On or about March 5, 1965, Sheriff Hutto served upon the Sheriff of Stone County a writ for the arrest of Mississippi State Highway Patrol Officer Ford O'Neal for allegedly assaulting James Seale at the time of Seale's arrest on November 6, 1964. Sheriff Hutto assisted James Seale in preparing the affidavit in support of the writ against Officer Ford O'Neal.

63. On or about June 30, 1965, the FBI again interviewed Sheriff Hutto about the case. He did not provide any information about the involvement of the Sheriff's Department in the crime.

64. On or about March 4, 1966, almost two years after the murders, Sheriff Hutto was again interviewed by the FBI on the Moore/Dee case. He informed the agents that he had no information as to the whereabouts of James Seale. Seale was still living in Hutto's jurisdiction in Franklin County at the time of this interview.

65. On January 26, 1967, ten months after Hutto claimed he did not know Seale's whereabouts, Klansman James Seale announced his campaign for the office of Franklin County Sheriff.

### The Conspiracy to Cover-up the Kidnap/Murder of Moore and Dee: Deputy Sheriff Kirby Shell

66. Upon information and belief, Deputy Sheriff Kirby Shell was a member or close affiliate of the White Knights of the Ku Klux Klan.

67. Shell was fully aware of the kidnappings and/or murders of Dee and Moore on or about May 2, 1964, the day the crimes were committed.

68. On or about October 31, 1964, Shell was interviewed by the FBI. He did not reveal his role in the events of May 2, 1964.

69. On or about November 4, 1964, Shell was again interviewed by the FBI and again he did not reveal his role in the events of May 2, 1964.

### The Clyde Briggs Matter

70. Upon information and belief, Franklin County intentionally failed to protect Reverend Clyde Briggs from intimidation and violence by a county law enforcement officer and members of the Klan.

71. Rev. Briggs was an African-American pastor of several churches in the region. He was a member of the NAACP and the Deacons for Defense. In the early 1960's he helped Black residents of Franklin County register to vote.

72. On or about May 2, 1964, the day of the kidnappings and/or murders, Deputy Sheriff Shell and State Highway Patrol Officer Mason Seale located Rev. Briggs in Crosby at the home of a church member. Shell and Seale directed Rev. Briggs to return with them to Roxie to unlock the Roxie First Baptist Church in order for it to be searched.

73. Rev. Briggs watched while the law enforcement officers and members of the Klan searched the church, pulling up the floorboards. Nothing of interest to the law enforcement officers or to the Klan was found.

74. Twenty-one days after the Moore and Dee kidnappings and murders, on or about May 23, 1964, Constable Jack Davis of Franklin County, traveling with two carloads of white men, followed Rev. Briggs from the highway to his home. The men

pulled into the driveway behind Rev. Briggs as he alighted from his car, and threatened to harm him. No arrests were made in connection with the incident.

75. Constable Jack Davis was employed by Franklin County to enforce the criminal laws of the State of Mississippi. Davis was a member of the Americans for the Preservation of the White Race, a white supremacist organization.

76. Constable Davis was also a personal friend and political affiliate of James Seale. A few hours after Seale was arrested on November 6, 1964 and charged with slaying Moore and Dee, Constable Davis visited the Seale home to offer his support to Seale's wife. After Seale was released on bond, Constable Davis met with Seale about the arrest.

77. On or about July 13, 1964, the day Charles Moore's body was discovered in the Old Mississippi, some unidentified white men fired a rifle into Rev. Briggs' daughter's bedroom.

78. On or about August 10, 1964, a carload of white men fired a shot and put out a porch light at the Briggs' home. Deputy Shell came to the Briggs home to investigate the July 13, 1964 shooting, but no investigation or arrests were ever made in connection with either of these shooting incidents.

### The Burl Jones Matter

79. Franklin County intentionally failed to protect Burl Jones from intimidation and violence by members of the Klan.

80. Upon information and belief, on or about June 19, 1964, seven weeks after the disappearance and subsequent murders of Moore and Dee, Burl Jones, a 26 year old

African-American male, was arrested by a highway patrol officer in Franklin County for running a red light. He was incarcerated in the county jail for the offense.

81. Sheriff Wayne Hutto was in charge of the county jail.

82. Shortly after his arrest, Burl Jones' father paid the fine at the jail but the jailers would not release his son. Burl spent one or two nights in jail.

83. On or about June 21, 1964, Burl Jones was released by the Sheriff's office at about dawn.

84. As he proceeded to leave the jail, Burl Jones was accosted inside in the hallway of the Franklin County Sheriff's Department by two men wearing Klan hoods who began to beat him on his head with baseball bats. The assailants covered Burl Jones' eyes, took him out of the jail, and drove away with him.

85. The assailants drove into the Homochitto National Forest, whereupon they dragged Jones through the woods and tied him to a tree. Five or six men beat him severely on his back with a bullwhip. The men taunted Jones with racial epithets.

86. Jones was nearly unconscious when the men released him from the tree. They drove him to the side of US Highway 98 in Meadville where they left him.

87. His assailants told Jones to leave town immediately, and, a few days later, Jones left Franklin County for Chicago, Ill, where he remained for 35 years. In Chicago Jones was employed by the Cook County Sheriff's Office.

88. The kidnap of and assault on Burl Jones was never investigated by Franklin County law enforcement officials and no one was ever arrested for the crimes.

## The Robert Middleton Matter

89.     Franklin County intentionally failed to protect Pastor Robert Middleton from intimidation and violence by members of the Klan.

90.     Upon information and belief, Robert Middleton was a young white pastor of a church in Bunkley, Franklin County, whose parishioners included Klansmen Archie Prather, James Seale, and Clyde Seale.

91.     During the fall of 1963, after Pastor Middleton criticized Archie Prather for racist remarks he made while at church, Prather and Clyde and James Seale forced Middleton out of the pastorate.  Middleton was forced to leave Franklin County because he feared for his personal safety and that of his family.

92.     Several of the Seale men, including James, made threats of violence that caused Middleton to take out a restraining order against them in Adams County.

93.     In November of 1963, Pastor Middleton reported to Sheriff Hutto that he feared the Seales might harm himself or his family.  Hutto told Middleton that there was nothing he, Hutto, could do about it.

## The Alton Alford Matter

94.     Franklin County intentionally failed to protect Alton Alford from intimidation and violence by members of the Klan.

95.     Upon information and belief, Alton Alford, a white man who resided in the Meadville area in or around the time of the Moore and Dee killings, complained about beatings he received at the hands of members of the Bunkley klavern for allegedly fraternizing with African-Americans.

96.     On or about June 13, 1964, two men dressed in robes took Alford from his home and transported him to the woods where he was tied to a tree and beaten in front of a crowd of about 25 men.  Alford recognized the voice of James Seale during the beating. The men assaulting Alford continuously asked him where the guns were being stored in the African-American community.

97.     On or about June 14, 1964, Alford called Sheriff Hutto to report the beating.

98.     Deputy Sheriff Kirby Shell and Mississippi State Highway Patrol Officer Burnice Beasley went to Alford's home to interview him.  The assault was never investigated by Franklin County.

99.     A few weeks after the beating, Alford fired a shotgun into a tree.  James Seale chased him and beat him severely.  Sheriff Hutto was on the scene.  Hutto took Alford to a hospital where he was treated for his injuries for three days.  Upon his release Alford was arrested by Sheriff Hutto, charged with "waylaying," and released on bond. No charges were brought against James Seale in connection with the incident.

**The Earl Hodge Matter**

100.     Franklin County intentionally failed to investigate the murder of Earl Hodge, who was alleged to have been killed by members of the Klan.

101.     Upon information and belief, Earl Hodge was a white man and a former member of the Bunkley klavern who resided in Eddiston in Franklin County.  Hodge was found dead in August 1965.  Members of the Bunkley klavern were suspected in the murder.

102. Hodge was suspected of informing the FBI and Mississippi State Highway Patrol Department of Klan activities in the region.

103. On or about August 15, 1965, Hodge sought to meet with the Klansmen to persuade them he was not breaking the Klan code of confidentiality.

104. The next day, Hodge's body, clothed in just underwear, was found on the lawn of a private home. A pathologist opined Hodge had been the victim of a brutal beating.

105. James Seale and Jack Seale were alleged to have participated in the murder of Earl Hodge.

106. Sheriff Hutto responded to the scene where Hodge died. Hutto did not conduct any investigation into the death of Earl Hodge. Franklin County made no arrests in connection with this death.

## Facts: Part II

107. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-107 as set forth herein in their entirety.

108. Upon information and belief, Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell were at all relevant times to this Complaint and in all actions herein described acting on the authority of Franklin County, and pursuant to the policy of Franklin County to protect the Klan from investigation and prosecution for criminal acts of racist terrorism.

109. Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell intentionally failed to take all reasonable steps to prevent or repress the Klan kidnappings and murders of Charles Moore and Henry Dee.

110. In intentionally failing to act to prevent the kidnappings and/or murders of Moore and Dee, Sheriff Hutto and Deputy Sheriff Shell significantly increased the danger of harm to the plaintiffs' decedents and acted with deliberate indifference for their safety.

111. On the date of the slayings, Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell knew that the plaintiffs' decedents were exposed to an unusually grave risk of harm. They failed to intervene to protect Moore and Dee when the Klan sought their help to search the Roxie church. Hutto and Shell failed to take obvious steps to address the risk.

112. Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell acted jointly and in concert with members of the Klan to deprive Moore and Dee of their constitutionally protected rights, all in violation of 42 U.S.C. § 1981, 42 U.S.C. §1983, and 42 U.S.C. § 1985.

113. Sheriff Hutto and Deputy Sheriff Shell assisted members of the Klan in performing the various actions described herein, and lent their physical presence, support and the authority of the Franklin County during all of these occurrences, all in violation of 42 U.S.C. §§ 1981, 1983, and 1985.

114. Sheriff Hutto and Deputy Sheriff Shell conspired with the Klan to deprive Moore and Dee of the Equal Protection of the laws and the equal benefit of the laws, in violation of 42 U.S.C. §§ 1981,1983, and 1985.

115. Sheriff Hutto established, carried out, and, in the Moore/Dee matter, acted in accordance with the policy and practice of Franklin County to protect the Klan from investigation and prosecution and to provide the Klan with impunity for crimes of racial violence, including murder.

116.    On information and belief, Deputy Shell acted in accordance with the policy and practice of Franklin County to protect the Klan and provide them with impunity for crimes of racial violence, including murder.

117.    Sheriff Hutto established, carried out, and, in the Moore/Dee matter, acted in accordance with the policy and practice of Franklin County to deny law enforcement protection to African-Americans, and to whites who the Klan believed hindered their campaign of racial violence.

118.    Deputy Shell acted in accordance with the policy and practice of Franklin County to deny law enforcement protection to African-Americans, and to whites who the Klan believed hindered their campaign of racial violence.

119.    Sheriff Hutto and Deputy Sheriff Shell acted in concert with one another and conspired with each other to carry out the unlawful policies and practices herein described.

120.    The herein described policies and practices of Franklin County violated well-established laws of the United States and the State of Missississippi.

121.    As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered the following injuries and damages to wit:

     a.    deprivation of their constitutional rights under the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure of the person;

     b.    deprivation of their constitutional right under the Fifth and Fourteenth Amendments not to be summarily executed without due process of law;

21

c. deprivation of their constitutional rights under the Thirteenth Amendment to equal benefit of the laws;

d. deprivation of their constitutional right under the Fourteenth Amendment to Equal Protection of the laws; and

e. deprivation of their constitutional right under the First and Fourteenth Amendments to adequate, effective and meaningful access to the courts.

122. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered the following injuries and damages to wit:

a. Deprivation of their constitutional rights under the First, Fifth and Fourteenth Amendments to enjoy a familial relationship with their loved ones.

123. The above described policies and practices of Franklin County violated clearly established and well-settled constitutional rights of the plaintiffs' decedents, to wit, the right to:

a. be free from unreasonable seizure of the person;

b. be free from summary execution without due process of law;

c. equal protection of the laws;

d. equal benefit of the laws; and

e. access to the courts.

124. The above-described policies and practices of Franklin County violated clearly established and well-settled constitutional rights of the plaintiffs, to wit, the right:

a. of plaintiff Thomas Moore to a familial relationship with his brother, Charles Moore; and

b. of plaintiff Thelma Collins to a familial relationship with her brother, Henry Dee.

125. The above-described policies and practices of Franklin County were undertaken because of the race of the plaintiffs' decedents, African-American, in violation of the Fourteenth Amendment to the United States Constitution.

126. The above-described policies and practices of Franklin County were the moving force behind the harms suffered by the plaintiffs' decedents and the plaintiffs.

## Claims

### Count I – 42 U.S.C. 1981(a) – Equal Benefit of the Laws

127. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-127 as set forth herein in their entirety.

128. Franklin County denied plaintiffs' Moore and Dee equal benefits of the law in violation of 42 U.S.C. § 1981(a).

129. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

### Count II – 42 U.S.C. § 1983 – Municipal Liability – Sheriff Hutto as Policymaker

130. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-130 as set forth herein in their entirety.

131. Sheriff Hutto was the chief law enforcement policymaker for Franklin County under the laws of the State of Mississippi.

132. Sheriff Hutto's policies and practices of protecting the Klan from criminal investigation and prosecution constituted the official policy, custom, and practice of the defendant Franklin County, in violation of 42 U.S.C. § 1983.

133. Sheriff Hutto's unconstitutional policies and practices of intentionally failing to protect African Americans from racial violence constituted the official policy, custom, and practice of the defendant Franklin County, in violation of 42 U.S.C. § 1983. Said policy was the moving force behind the fatal assault on the plaintiffs' decedents by the Klan.

134. Sheriff Hutto's unconstitutional acts of misleading federal law enforcement personnel in order to cover-up his involvement and that of his officers in the fatal assaults upon the decedents constituted the official policy, custom and practice of the defendant Franklin County, in violation of 42 U.S.C. § 1983.

135. Deputy Sheriff Shell acted in concert with and under the supervision of Sheriff Hutto in carrying out the unconstitutional policies, customs and practices of Franklin County.

136. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

### Count III  42 U.S.C. § 1985(3) – Conspiracy

137. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-137 as set forth herein in their entirety.

138. Franklin County conspired with the Klan to deprive plaintiffs' decedents of their right to Equal Protection, in violation of 42 U.S.C. § 1985(3).

139. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

**Count IV – Wrongful Death Based on Conspiracy to Commit Intentional Murder**

140. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-140 as set forth herein in their entirety.

141. Plaintiff Thomas Moore claims damages for the wrongful death of Charles Moore and for his loss of companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under 42 U.S.C. §§ 1981, 1983, 1985(3) and the Mississippi Wrongful Death Statute, Miss. Code Ann. § 11-7-13.

142. Plaintiff Thelma Collins claims damages for the wrongful death of Henry Dee and for his loss of companionship, comfort, guidance, counsel and advice, and funeral and burial expenses under 42 U.S.C. §§ 1981, 1983, 1985(3) and the Mississippi Wrongful Death Statute, Miss. Code Ann. § 11-7-13.

143. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

**Count V – Survival Action Based on Conspiracy to Commit Intentional Murder**

144. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-144 as set forth herein in their entirety.

145. Charles Moore was forced to endure great conscious pain and suffering before his death.

146. Charles Moore filed no action during his lifetime, but under the laws of the State of Mississippi this action survives and may be asserted by his Estate.

147. Plaintiff Thomas Moore claims damages of the conscious pain and suffering of Charles Moore under 42 U.S.C. §§ 1981, 1983, and 1985(3).

148. Henry Dee was forced to endure great conscious pain and suffering before his death.

149. Henry Dee filed no action during his lifetime, but under the laws of the State of Mississippi this action survives and may be asserted by his Estate.

150. Plaintiff Thelma Collins claims damages of the conscious pain and suffering of Henry Dee under 42 U.S.C. 1981,1983, and 1985(3).

151. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

**Count VI – Assault and Battery, Mississippi Wrongful Death Statute –**

**Wrongful Death**

152. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-152 as set forth herein in their entirety.

153. Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell, acting in their official capacity on behalf of defendant Franklin County and in concert with others, caused Charles Moore to be assaulted and battered.

154. Plaintiff Thomas Moore claims damages for the wrongful death of Charles Moore and for the loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice under the common law of Mississippi and the Mississippi Wrongful Death Statute.

155. Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell, acting in their official capacity on behalf of Franklin County and in concert with others, caused Henry Dee to be assaulted and battered.

156. Plaintiff Thelma Collins claims damages for the wrongful death of Henry Dee and for the loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice under the common law of Mississippi and the Mississippi Wrongful Death Statute.

157. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

**Count VII – Assault and Battery, Mississippi Wrongful Death Statute–**

**Survival Action**

158. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-158 as set forth herein in their entirety.

159. Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell, acting in their official capacity on behalf of defendant Franklin County and in concert with others, caused Charles Moore to be assaulted and battered.

160. Charles Moore filed no action during his lifetime, but under the laws of the State of Mississippi this action survives and may be asserted by his Estate.

161. Plaintiff Thomas Moore claims damages for the conscious pain and suffering of Charles Moore, under Mississippi law.

162. Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell, acting in their official capacity on behalf of defendant Franklin County and in concert with others, caused Henry Dee to be assaulted and battered.

163. Henry Dee filed no action during his lifetime, but under the laws of the State of Mississippi this action survives and may be asserted by his Estate.

164. Plaintiff Thelma Collins claims damages for the conscious pain and suffering of Henry Dee, under Mississippi law.

165. As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

### Count VIII – Reckless Disregard for the Rights and Safety of Plaintiffs – Survival Action

166. Plaintiffs re-allege and adopt the foregoing allegations from paragraphs 1-166 as set forth herein in their entirety.

167. The acts and/or omissions of Franklin County constitute a reckless disregard for the rights and safety of Charles Moore. These acts and/or omissions were perpetrated with such callousness that a reasonable, prudent person could conclude that they were carried out with a reckless disregard for the rights and safety of Charles Moore.

168. Charles Moore filed no action during his lifetime, but under the laws of Mississippi this action survives and may be asserted by his Estate.

169. Plaintiff Thomas Moore claims damages for the conscious pain and suffering of Charles Moore, under Mississippi law.

170. The acts and/or omissions of Franklin County constitute a reckless disregard for the rights and safety of Henry Dee. These acts and/or omissions were perpetrated with such callousness that a reasonable, prudent person could conclude that they were carried out with a reckless disregard for the rights and safety of Henry Dee.

171. Henry Dee filed no action during his lifetime, but under the laws of Mississippi this action survives and may be asserted by his Estate.

172.    Plaintiff Thelma Collins claims damages for the conscious pain and suffering of Henry Dee, under Mississippi law.

173.    As a direct and proximate result of the above-described policies, practices and omissions of Franklin County, Plaintiffs suffered injuries and damages.

**WHEREFORE,** the plaintiffs request that this Court:

a.  Award compensatory damages to Plaintiffs against the defendant;

b.  Award economic damages to Plaintiffs against the Defendant;

c.  Award non-economic damages to Plaintiffs against the Defendant;

d.  Award exemplary damages to Plaintiffs against the Defendant;

e.  Award hedonic damages to Plaintiffs against the Defendant;

f.  Award costs of this action to the Plaintiffs;

g.  Award reasonable attorney's fees and costs to the Plaintiffs;

h.  Award such other and further relief to the Plaintiffs as this Court may deem appropriate.

## Demand for Jury Trial

The Plaintiffs hereby demand a jury trial.

## Right to Amend

Pursuant to Fed. R. Civ. P. Rule 15, Plaintiffs reserve the right to amend.

Respectfully submitted, this the _5th_ day of August, 2008.

THOMAS MOORE individually
and on behalf of all Wrongful Death
Beneficiaries and Heirs at Law of Charles
Moore, Deceased

THELMA COLLINS individually and on
behalf of all Wrongful Death Beneficiaries
and Heirs at Law of Henry Dee, Deceased

By: _____

Dennis C. Sweet, III, MS Bar #8105
Warren L. Martin, Jr., MS Bar #101528

*Counsel for Plaintiffs*

**OF COUNSEL**:

Dennis C. Sweet, III, Mississippi Bar #8105
Warren L. Martin, Jr., Mississippi Bar #101528
SWEET & ASSOCIATES, P.A.
158 East Pascagoula Street
Jackson, MS 39201
Office: 601-965-8700
Fax:    601-965-8719