UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THOMAS MOORE, INDIVIDUALLY                                    PLAINTIFFS
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES AND HEIRS
AT LAW OF CHARLES MOORE, DECEASED
AND THELMA COLLINS, INDIVIDUALLY
AND ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES AND HEIRS AT LAW OF
HENRY DEE, DECEASED


VS.                              CIVIL ACTION NO. 3:09CV236TSL-JCS


FRANKLIN COUNTY, MISSISSIPPI                                   DEFENDANT


                    MEMORANDUM OPINION AND ORDER

        This cause is before the court on the motion of defendant

Franklin County, Mississippi to dismiss pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  Plaintiffs Thomas Moore

and Thelma Collins, in their individual and representative

capacities, have responded in opposition to the motion, and the

court, having reviewed the memoranda, complaint and hearing

transcript[1], concludes that the motion should be denied.

        Plaintiffs are the siblings of Charles Eddie Moore and Henry

Hezekiah Dee, African-American men who in May 1964 were kidnaped

and allegedly murdered by Charles Edwards and James Seale, members

_____

        [1]  Plaintiffs, erroneously believing Franklin County to lie
in Western Division, originally filed this case in that division,
at which time it was assigned to Judge David Bramlette. Following
a hearing on defendant's motion, Judge Bramlette transferred the
case to the Jackson Division, in which Franklin County lies.

of the Bunkley Klavern of the White Knights of the Klu Klux Klan.

Plaintiffs have brought this action against Franklin County,

Mississippi pursuant to 42 U.S.C. §§ 1981, 1983 and 1985(3),

implicating the First, Fifth and Thirteenth Amendments, as well as

the Due Process and Equal Protection Clauses of the Fourteenth

Amendment.[2]  Plaintiffs' factual allegations, as accurately

summarized in their response to the motion to dismiss, are as

follows:

> On May 2, 1964, the decedents, two 19 year old
> African-Americans, were kidnaped from the open road in
> the middle of the day in Franklin County, taken to the
> Homochitto National Forest, where they were beaten, and
> then, hours later, thrown in the Old Mississippi River
> alive to drown.  Their bodies were discovered in the
> river in July 1964.  On November 6, 1964 Charles Edwards
> and James Ford Seale were arrested by state officials
> and charged in connection with the murder of Dee and
> Moore.  In January 1965 the charges against Edwards and
> Seale were dropped by the Franklin County district
> attorney.
> Forty-two years later, in January 2007 a federal
> indictment charging Seale with kidnaping of Dee and
> Moore was returned; the indictment named Franklin County
> Sheriff Wayne Hutto as an un-indicted co-conspirator.
> When Seale was tried on the federal charge in 2007,
> Edwards testified against him.  Edwards implicated
> himself in the crime.  He testified that after the men
> were kidnaped, but before they were killed, the
> kidnapers went to the Sheriff's office and, with the
> sheriff's aid but without a search warrant, searched the
> Roxie First Baptist Church in Franklin County.  After

---

[2]     The complaint also set forth state law claims against
Franklin County, which were also the subject of the motion to
dismiss on the basis that the claims were barred due to
Mississippi's one-year statute of limitations and by plaintiffs'
failure to satisfy the notice requirements of the Mississippi Tort
Claims Act.  On January 22, 2009, Judge Bramlette entered an
agreed order dismissing these claims.

the church was searched, the law enforcement officers left the scene without investigating the case or assisting Dee and Moore in any manner. The kidnapers then stuffed Dee and Moore into the trunk of a car and transported them across the river to Louisiana, where they were drowned. The Sheriff did nothing to secure the release of the men in the several hours that elapsed between the search and the drowning in Louisiana.

The Federal Bureau of Investigation thoroughly investigated the murders at the time they occurred in 1964. Their investigation included repeated interviews with Franklin County Sheriff Wayne Hutto and an interview with Deputy Sheriff Kirby Shell. At no time did Sheriff Hutto or Deputy Shell ever reveal to the federal authorities that they possessed information that was highly pertinent to the investigation. On July 13, 1964 Hutto was interviewed by the FBI and deliberately misinformed them of the facts. On November 4, 1964, Hutto and Shell were again interviewed by the FBI. Neither disclosed their participation in the events leading to the murders. On November 9 and November 12, Hutto was again interviewed by the FBI, and again failed to disclose his knowledge of the case. On November 6, 1964, when Seale and Edwards were charged with the crimes, FBI Director J. Edgar Hoover issued a press release stating that the arrests "climaxed an extensive and lengthy investigation by FBI Agents and local authorities."

In January 1965, before the charges against Edwards and Seale were dropped, Sheriff Hutto met with the county district attorney to discuss the evidence in the case. He did not reveal the role of his office in the search of the church on the day in question. Such information, if known to the assistant district attorney, would have implicated the Sheriff in the killings and provided critical evidence in the state's case against Edwards and Seale.

After the decedents went missing in May 1964, their relatives sought the assistance of their sheriff, Hutto. On or about May 9 he informed them that they were in Louisiana. On May 16, when the men could not be found in Louisiana, the relatives returned to visit Hutto. The sheriff told them he did not know their whereabouts but that he would try to locate them. That was the last contact the family members had with Sheriff Hutto about the matter. Thereafter, in July, the FBI took charge of the investigation.

The complaint further alleges that Moore and Dee were kidnaped and killed as part of the Klan's 1964 campaign of unlawful violence and terror in Franklin County, the purpose of which was "to deter African Americans from civic participation, to deny them equal access public services and the courts, and to repress resistance to social domination."  The complaint charges that Franklin County, by and through its former sheriff, Wayne Hutto, and deputy sheriff, Kirby Shell, aided the Klan's campaign "by conspiring with the Klan to commit the criminal acts; by refusing to investigate and to prosecute crimes committed by the Klan; and by covering up the commission of such crimes."

As set forth above, plaintiffs allege that they only became aware of defendant's role in their decedents' deaths in 2007, when a grand jury of this court returned an indictment against James Seale, charging him with conspiracy to commit kidnaping and with the kidnaping of plaintiffs' decedents.[3]  According to the complaint, Edwards' grand jury testimony revealed that Hutto and Shell had "conspired with the perpetrators of the kidnapings and murders on the day of the crime, and the subsequent cover up." Plaintiffs' complaint herein affirmatively alleges that plaintiffs were unaware of defendant's role in the kidnaping and murders of their decedents prior to 2007, because in 1964, Hutto and Shell

---

[3]     On June 18, 2007, a jury convicted Seale of conspiracy to kidnap and of kidnaping Dee and Moore.

deliberately misled Dee's and Moore's family members as to the missing men's whereabouts and as to the County's efforts to find the men, and because they further concealed their complicity in the crime from the Federal Bureau of Investigations (FBI), which led the 1964-1965 investigation into the deaths.

In ruling on a motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Id. (quoting Bell, 127 S. Ct. at 1965). When the issue is a statute of limitations defense, the court may order dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, 339 F.3d 359, 366 (5th Cir. 2003); see also Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing claim as time barred under

Rule 12(b)(6) where claim was filed after the applicable statute of limitations had run and the pleadings showed that plaintiff was not entitled to benefit of the discovery rule).

The parties acknowledge the applicable limitations period for plaintiffs' claims herein is three-years.[4]  While federal law governs the determination of when plaintiffs' causes of action accrued, Walker v. Epps, 550 F.3d 407, 415 (5th Cir. 2008), the court applies state law regarding tolling based on defendant's alleged fraudulent concealment, id. ("Just as we borrow the forum state's statute of limitations for § 1983 purposes, we borrow also the state's tolling principles").

Regarding the accrual of a claim, "[u]nder federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995)(internal citations and quotations omitted).  In Piotrowski, the court explained as follows:

> A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions.  See Stewart v. Parish of Jefferson, 951 F.2d

---

[4]    See Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 581-82, 102 L. Ed. 2d 594 (1989) (since § 1983 has no statute of limitations, court must look to analogous state statute of limitations); Walker, 550 F.3d at 415 (Mississippi three-year residual personal injury statute of limitations applies to claims brought under § 1983).

681, 684 (5th Cir.) ("The statute of limitations period commences once the plaintiff acquires possession of two critical facts: (1) an injury has occurred; and (2) the identity of the person who inflicted the injury."), <u>cert.</u> <u>denied</u>, 506 U.S. 820, 113 S. Ct. 69, 121 L. Ed. 2d 35 (1992).  A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim.  <u>See</u> <u>Harrison v. United States</u>, 708 F.2d 1023, 1027 (5th Cir. 1983) ("The plaintiff need not have knowledge of fault in the legal sense for the statute to begin to run, but she must have knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection ... or (b) to seek professional advice, and then, with that advice, to conclude that there was a causal connection between the [defendant's acts] and injury.").  Moreover, a plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further.  <u>See</u> <u>Jensen v. Snellings</u>, 841 F.2d 600, 606 (5th Cir. 1988) ("Under federal law, the limitations period commences when 'the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge' thereof." (<u>quoting</u> <u>Vigman v. Community Nat'l Bank & Trust Co.</u>, 635 F.2d 455, 459 (5th Cir. 1981))).

As the court in <u>Longoria v. City of Bay City, Tex.</u>, 779 F.2d 1136 (5th Cir. 1986), phrased it, "[t]he limitations period thus begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendant."  <u>See</u> <u>also</u> <u>Freeze v. Griffith</u>, 849 F.2d 172, 175 (5th Cir. 1988) ("A state statute of limitations imposed in a § 1983 action does not run until the plaintiff is in possession of the 'crucial facts' that he has been hurt and the defendant is involved.").

    In its motion to dismiss, defendant contends that plaintiffs' claims accrued and the three-year statute of

7

limitations began to run in July 1964, when the bodies of their decedents were pulled from the Mississippi River, at which time plaintiffs necessarily became aware of their injury. Thus, according to defendant, the statute of limitations expired in 1967, so that plaintiffs' lawsuit, filed some forty-one years later, in 2008, is patently time-barred.

For their part, plaintiffs deny that their claims accrued when their decedents' bodies were discovered in 1964, and instead, maintain that their causes of action accrued, at the earliest, in January 2007, upon return of the indictment against Seale, which revealed for the first time the essential facts supporting their claims. Alternatively, plaintiffs argue that the limitations period was tolled based on the doctrine of fraudulent concealment,[5] pursuant to which the statute of limitations is tolled where a plaintiff shows that "(1) some affirmative act by the defendant was designed to prevent, and did prevent, discovery of the claim and (2) despite the plaintiff's due diligence, he could not have discovered the claim." <u>Walker v. Epps</u>, 550 F.3d at 415; <u>see</u> Miss. Code Ann.

---

[5]     Plaintiffs also maintain that the statute of limitations is subject to equitable tolling.  Given the court's ruling as to plaintiffs' accrual and fraudulent concealment arguments, it need not address this issue at this time.

§ 15-1-67 (providing for tolling of statute of limitations if cause of action is fraudulently concealed).[6]

In reply, defendant acknowledges there are limited circumstances in which the statute of limitations will not begin to run until the alleged violation could have been discovered by a plaintiff's exercise of reasonable diligence. Defendant insists, however, that it is apparent that the factual allegations plaintiffs have pled in support of their claims should have alerted them to the existence of a potential cause of action against defendant, and yet their complaint is devoid of any allegation that would support a finding that plaintiffs exercised due diligence to discover their cause of action. More specifically, it argues that pursuant to plaintiffs' theory of the case, plaintiffs, who were obviously aware that they had suffered an injury when their decedents' bodies were discovered, "must have known that the information provided to [family members in 1964] by the Sheriff, that the men were in Louisiana, would have been false," and, realizing this information was false, would have had "every reason to

---

[6]    This statute provides:
If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

9

suspect some liability existed" against the County in 1964 and should have thus undertaken an investigation which would have afforded them actual knowledge.

Accepting that plaintiffs' factual allegations are true, the court, however, finds that the complaint sufficiently alleges a basis for finding both that their cause of action accrued later than 1964, and that the statute of limitations as to their claims should be tolled by Hutto's and Shell's alleged fraudulent concealment. Plaintiffs reasonably submit that, contrary to defendant's urging, the discovery of Dee's and Moore's bodies in July 1964 was not necessarily inconsistent with Hutto's statement that the two men had gone to Louisiana of their own free will on May 2, the date of the murder. Further, the court rejects defendant's assertion that the allegations of the complaint must necessarily be read to evince plaintiffs' knowledge of the County's "deep involvement" with the Klan so as to give rise to a reasonable suspicion on plaintiffs' part that Hutto and Shell were in league with the murderers of their decedents. While the complaint does chronicle numerous acts of alleged terrorism and violence against African-Americans and those who associated with them, there is no allegation that these plaintiffs were aware of the acts as they were occurring. In the court's opinion, the complaint provides no predicate on which to base a conclusion

that these plaintiffs did or should have linked together all of the alleged atrocities which were occurring in Franklin County to come to the conclusion that Hutto and Shell were involved in them, and then come to the further conclusion that Hutto and Shell were likely involved in the deaths of their loved ones. Furthermore, the recitation in plaintiffs' complaint that the FBI represented to family members that local law enforcement were participating and aiding in the investigation is inconsistent with defendant's contention that plaintiffs acted unreasonably in failing to suspect Hutto and Shell as being involved in the kidnaping and murders. Finally, plaintiffs' argument that they cannot be faulted for failing to discover what the FBI and federal government did not discover until 2007 is well taken. Taking as true the allegations set forth in the complaint, it cannot reasonably be concluded that any investigation undertaken by these plaintiffs into the kidnaping and murder of Dee and Moore would have generated any more information as to the perpetrators of the crimes than the FBI itself was able to discover.

Accordingly, based on the foregoing, it is ordered that defendant's motion to dismiss is denied.

SO ORDERED this 30th day of June, 2009.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE