IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THOMAS MOORE, INDIVIDUALLY
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES AND HEIRS AT
LAW OF CHARLES MOORE, DECEASED

THELMA COLLINS, INDIVIDUALLY
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES AND HEIRS AT
LAW OF HENRY DEE, DECEASED                                         PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:09cv236TSL-JCS

FRANKLIN COUNTY, MISSISSIPPI                                         DEFENDANT

**DEFENDANT'S MOTION TO HOLD THE FEDERAL BUREAU OF
INVESTIGATIONS IN CONTEMPT**

COMES NOW, Defendant, Franklin County, Mississippi, by and through counsel, and moves this Court to hold the Federal Bureau of Investigations in contempt of Court for its failure to comply with this Court's Order of July 12, 2009. In support thereof, the Defendant would show the Court the following:

1. On August 5, 2008, the Plaintiff filed his Complaint against Franklin County, Mississippi, in this matter. [Docket # 1]

2. As part of the discovery process, on November 12, 2008, the Federal Bureau of Investigations (F.B.I.) was served with a Subpoena Duces Tecum issued by the Defendant. [Docket #13] This Subpoena Duces Tecum requested the F.B.I. provide a "complete certified set of any and all records from all investigations into the deaths of Henry Hezekiah Dee and Charles Moore from 1964 forward, including, but not limited to witness statements, investigative reports, films, photographs, etc.". The F.B.I. did not timely respond to the subpoena.

3.   On January 12, 2009, the Defendant filed a Motion to Compel the F.B.I. to respond to the Subpoena Duces Tecum issued on November 12, 2008. [Docket # 20]   The materials the Defendant had requested and which the F.B.I. was refusing to produce related to a matter over four decades old.  Furthermore, the criminal prosecution for the murders in issue had already been litigated at the time the subpoena was issued and the F.B.I. had previously waived any assertion of privilege by its earlier production of the requested materials to others.

4.   On July 2, 2009, after a review of the motions by the parties, this Court issued an Order compelling the F.B.I.'s production of the materials requested in the Defendant's November 2008 subpoena.  Specifically, the Court ordered that on or before August 3, 2009, the Federal Bureau of Investigations produce materials responsive to the Defendant's subpoena. [Docket #37] There were no restrictions or limitations with the Court's order.

5.   Following this Court's order compelling the F.B.I. to produce all materials responsive to the Defendant's subpoena, the F.B.I. presented a proposed stipulation to the Defendant.  Though not required, the Defendant agreed to this stipulation which stated, in effect, that the documents produced by the F.B.I. would be held in confidence and returned or destroyed at the termination of this case.  The executed stipulation was entered by the Court on August 7, 2008. [Docket #47]

6.   Subsequently, on or about August 12, 2009 the F.B.I. produced 23 volumes of documents purporting to be responsive to the subpoena for the first time. Unfortunately, a review of these documents revealed that hundreds of pages had been redacted in substantial part, if not entirely, prior to being provided to the Defendant despite the fact this Court Ordered full production and the Defendant agreed to a confidentiality stipulation.   The F.B.I. indicates multiple reasons for the redaction, which are identical to the basis argued previously to the court.

7.      The F.B.I.'s production, replete with hundreds of pages of redactions and fully blackened pages, was not in compliance with this Court's order. The F.B.I. has not only violated the Court Oder compelling production, but has now effectively withheld and/or concealed the content of these records for the past nine (9) months. For this reason, the F.B.I. should be held in contempt.

8.      Further, the contemptuous nature of the F.B.I. response is shown by it's recurring use of the statement, among others, that "INFORMATION, THE DISCLOSURE OF WHICH WOULD TEND TO INDENTIFY A SOURCE OF INFORMATION, WHERE CONFIDENTIALITY IS EXPRESSED OR IMPLIED."  Often, these references very clearly relate to a now deceased informant, Ernest Gilbert, who actually exposed his involvement during a television show, ABC'S 20/20, and, who the U.S. Attorney disclosed during the criminal trial of James Ford Seale. Where the redactions and blank pages are so obviously done to trample over the orders of this court, the F.B.I. should be compelled to fully and promptly disclose the material.

9.      A party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required conduct by the respondent; and (3) that the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) (citing F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1995)). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Piggly Wiggly*, 177 F.3d at 382-383 *(quoting Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)).

10.     This Court had issued a very clear Order regarding the F.B.I.'s required

production of materials to the Defendant and the F.B.I. blatantly ignored the terms of this Order. Accordingly, the Defendant urges the Court to consider the F.B.I.'s continuing course of misconduct and disobedience as blatant contempt.

11.   Due to the self-explanatory nature of this motion, the Defendant respectfully requests permission to be relieved of the requirement to file a supporting memorandum of law.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that its Motion to hold the F.B.I. in contempt be GRANTED, that the F.B.I. produces the unedited version of materials and the Court grant any and all further relief it deems just and proper.

RESPECTFULLY SUBMITTED, this the 19th day of August, 2009.

                                                FRANKLIN COUNTY, MISSISSIPPI, DEFENDANT

                                                BY:  Its Attorneys:

                                                /s/ Michael J. Wolf
                                                MICHAEL J. WOLF

MICHAEL J. WOLF (MSB# 99406)
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
(601) 420-0333
Fax (601) 420-0033

WILLIAM J. HALFORD, JR. (MSB# 2113)
HALFORD LAW FIRM
85 Main St. West
P.O. Box 650
Meadville, MS 39653
(601) 384-2100
Fax (601) 384-2121

JAMES A. TORREY, JR. (MSB# 8251)
LANE B. REED (MSB# 10002)
MARY KATHRYN KIRKPATRICK (MSB# 103000)
MCGEHEE MCGEHEE & TORREY

4

Post Office Box 188
Meadville, MS 39653
(601) 384-2343
Fax (601) 384-5442

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendant, hereby certify that I have this day filed, via Pacer, the above Motion to hold the F.B.I. in contempt, causing the Clerk's ECF system to send true and correct copies to the following ECF participants:

Dennis C. Sweet, III, Esq.  
Warren L. Martin, Jr., Esq.  
Sweet & Associates, P.A.  
158 East Pascagoula St.  
Jackson, MS 39201  

William J. Halford, Jr.  
Halford Law Firm  
85 Main St. West  
P.O. Box 650  
Meadville, MS 39653  

Charles J. Ogletree, Jr.  
Margaret Burnham  
516 Hauser Hall  
1575 Massachusetts Avenue  
Cambridge, MA 02138  

James A. Torrey, Jr.  
Lane B. Reed  
Mary Kathryn Kirkpatrick  
McGehee McGehee & Torrey  
Post Office Box 188  
Meadville, MS 39653  

This, the 19th day of August, 2009.

    /s/ Michael J. Wolf
MICHAEL J. WOLF