IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


THOMAS MOORE, ET AL.                                                            PLAINTIFFS

VS.                                                  CIVIL ACTION NO.  3:09cv236-TSL-JCS

FRANKLIN COUNTY, MISSISSIPPI                                        DEFENDANT

ORDER

        Before the Court is the Defendant's Motion to Hold the FBI in Contempt (document

#52), the FBI's response, and the Defendant's rebuttal. Also pending are the government's

Motion for Protective Order (document number 79) and Motion for Notice of Intent to Order

Disclosure (document number 80). For reasons explained in this Order, and having conducted an

*in camera* review of the documents at issue, the Court finds that the Motion to Hold the FBI in

Contempt should be denied.  As explained in this Order, however, Court orders, for the *second*

*time*, the FBI to produce certain documents responsive to the Defendant's subpoena within ten

(10) days of the date of this Order, in a manner set forth at the end of this Order.  The Court

addresses the government's motions at document numbers 79 and 80 in the final paragraph of

this Order.

        The Order at issue was entered by the Court on July 2, 2009, and stated that the FBI

"shall produce materials responsive to the Defendant's subpoena."  The Order was not appealed

by either the FBI, the Defendant, or the Plaintiffs.  Subsequently, the Court entered on August 7,

2009, an agreed "Stipulation and Order" (document number 47) governing production of the

documents and ensuring compliance with the Privacy Act, 5 U.S.C. § 552a.  Although the FBI

had originally objected to production of the documents based upon several privileges, no mention

is made in the "Stipulation and Order" that the documents would be produced subject to redactions for the grand jury privilege, law enforcement privilege, sensitive information privilege, and attorney client privilege. On August 7, 2009, the FBI produced the documents with significant portions redacted based upon the foregoing privileges. There is no indication that at that time the FBI produced a privilege log consistent with Rule 45(d)(2) of the Federal Rules of Civil Procedure.

In its motion, the Defendant argues that the FBI should be held in contempt because by clear and convincing evidence, the FBI has failed to comply with the Order governing production. The Defendant argues that a party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required conduct by the respondent; and (3) that the respondent failed to comply with the court's order. Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, 177 F.3d 380, 382 (5th Cir. 1999)(citing F.D.I.C. v. LeGrand, 43 F.3d 163, 170 (5th Cir. 1995)).

Having exhaustively reviewed the materials submitted for *in camera* inspection, and having considered the parties arguments, the Court declines to hold the FBI in contempt but, nevertheless, orders the FBI to produce certain documents. In particular, the Court hereby orders the FBI to produce *without redactions* the information which the files state are a part of the National Archives and, thus, are public record, as follows:

1. 44A-JN-26759- OLDDEE– Volume 1 Part 1

2. 44A-JN-26759-OLDDEE– Volume 1 Part 2

3. 44A-JN-26759-OLDDEE – 2

4. 44A-JN-26759-OLDDEE  – 3 Part 1

5. 44A-JN-26759- OLDDEE–3 Part 2

6. 44A-JN-26759-OLDDEE- 4 Serial 10 Part 1

7. 44A-JN-26759-OLDDEE- 4 Serial 10 Part 2

The Defendant is responsible for copying charges associated with production of these materials.

Because the parties have previously agreed to certain restrictions regarding access to the

documents, the restrictions set forth in the Stipulation and Order (document number 47) will

apply to the unredacted copies of these materials produced in response to this Order.

Turning to the remaining new Dee and Moore files[1] and the privileges asserted,

"determining privilege is a 'particularistic and judgmental task' of balancing the 'need of the

litigant who is seeking privileged investigative materials . . . against the harm to the government

if the privilege is lifted.'" In re U.S. Dept of Homeland Security, 459 F.3d 565, 570 (5th Cir.

2006)(quoting Dellwood Farms v. Cargill, Inc., 128 F.3d 1122, 1125(7th Cir. 1997)). The Court

has reviewed the new Dee and Moore files and has assessed the privileges asserted. As to these

files produced to the Court, the Court declines to order the FBI to produce sections of the files it

asserts are protected by the grand jury privilege, as the Court finds that the Defendant has failed

to demonstrate a "particular need" for the release of grand jury testimony taken in 2006 after the

investigation into Dee's and Moore's deaths was reopened. See In re Grand Jury Testimony, 832

F.2d 60, 63-64 (5th Cir. 1987).

The government further argues that some of the material is subject to a broad law

enforcement privilege. Although the Court can order production of material despite a claimed

law enforcement privilege, upon further reflection, it declines to do so in this instance. See In re

U.S. Dept of Homeland Security, 459 F.3d 565 (5th Cir. 2006)(discussing the Frankenhauser

---

[1]The Court refers to the remaining files collectively as "the new Dee and Moore files."

factors, derived from <u>Frankenhauser v. Rizzo</u>, 59 F.R.D. 339, 344 (E.D. Pa. 1973)(unpublished)).

Having weighed the <u>Frankenhauser</u> factors, the Court finds that the factors weigh against

disclosure.  The disclosure of these new Dee and Moore files (those files created beginning in

2000 and upon the re-opening of the Dee and Moore investigation in 2005 and 2006) would

produce more harm to law enforcement efforts than good to the public interest[2].  The law

enforcement privilege "serves to preserve the integrity of law enforcement techniques and law

enforcement personnel, safeguards the privacy of individuals under investigation, and prevents

interference with investigations." <u>Id.</u> at 569 n.1(quoting <u>Tuite v. Henry</u>, 181 F.R.D. 175, 176-77

(D.D.C. July 31, 1998)(unpublished), <u>aff'd</u>, 203 F.3d 53 (D.C. Cir. 1999)).

Furthermore, the Court upholds the government's redactions in the new Dee and Moore

files based upon the asserted confidential source privilege.  <u>See</u> <u>Brock v. On Shore Quality</u>

<u>Control Specialists, Inc.</u>, 811 F.2d 282, 283 (5th Cir. 1987).  Employing the <u>Brock</u> balancing test,

"the interests to be balanced here are the public's interest in efficient enforcement of [law], the

informer's right to be protected against possible retaliation, and the defendant's need to prepare

for trial." <u>Id.</u> (citations omitted).  The Court finds that the government's need to ensure the

privilege for future use, as well as protect individuals from retaliation, outweighs the Defendant's

need for disclosure, especially when the Defendant admits that it already knows certain

informants' identities through other sources.

---

[2]The Court notes that the FBI has included for the court's review files related to the investigation into the 1967 death in Natchez of Wharlest Jackson (files labeled as 44A-JN-26759-WJ and 44A-JN-26759-OLDWJ).  It is unclear whether these files have been produced to the Defendant, as the Defendant has never submitted a specific list of files produced, nor are these included in the privilege log eventually submitted by the FBI to the Court.  In any event, they are not responsive to the subpoena issued to FBI by the Defendant asking for "any and all records from all investigations into the deaths of Henry Hezekiah Dee and Charles Moore...", therefore, they are not subject to production.

Finally, although not specifically argued by either side, the Court upholds the constitutional privilege, the attorney client privilege, the work product privilege, and other privileges asserted by the government in the new Dee and Moore files.

The government's Motion for Protective Order (document number 79) is granted to the extent that the Court has upheld the grand jury privilege as it relates to the new Dee and Moore files. A review of the "OLDDEE" files listed above does not reveal grand jury testimony. The government's Motion for Notice of Intent to Order Disclosure (document number 80) is granted to the extent that the government is ordered to produce the "OLDDEE" files listed above within ten (10) days of the date of this order.

SO ORDERED, this the 29th day of December, 2009.

                                        S/ James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE